IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
- AT CLARKSBURG -

ROBERT MCCLUNG, ROCKY MOORE,
JAMES RAY, STEVE WILLIAMS, on behalf
Of themselves and all others
similarly situated,

    Plaintiffs,

v.

BROOKS RUN MINING COMPANY, LLC,
And WILLIAM ABRAHAM,

    Defendants.

ELECTRONICALLY FILED
Apr 28 2022
U.S. DISTRICT COURT
Northern District of WV

**Civil Action Number:** 1:22-CV-37
**Judge:** Chief Judge Kleeh

## CLASS ACTION COMPLAINT

1. Plaintiffs Robert McClung, Rocky Moore, James Ray, and Steve Williams (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this Class Action Complaint pursuant to Federal Rules of Civil Procedure 23 against Defendant/s Brooks Run Mining, LLC and William Abraham.

2. All named Plaintiffs are residents of the State of West Virginia. This class will include all employees that worked for Brooks Run Mining Company, LLC ("Brooks Run" or "Defendant/s" hereinafter) who worked for Defendant/s in the State of West Virginia and who were not timely paid. Plaintiffs and others in this class should have been paid no later than

1

        Friday, October 25, 2019, for wages earned on their prior pay period. Plaintiffs and all members of this class were laid off on October 9, 2019. Defendant/s needed to pay Plaintiffs and others similarly situated on or before the next scheduled pay day or not later than Friday, October 16, 2019. Defendant/s failed to pay Plaintiffs and others similarly situated until on or about October 25, 2019. Thus, Defendant/s violated the WVWPCA by failing to timely pay Plaintiffs and others similarly situated within four (4) days of their regularly scheduled payday on October 9, 2019, and/or were laid off on or about June 15, 2021.

3. Defendant/s is/are doing business in Braxton County, West Virginia, and has a listed corporate address of 2691 Little Birch Road, Sutton, West Virginia 26601. William Abraham is listed as the sole member of Brooks Run, and may be held individually responsible for the violations alleged in this Class Action Complaint.

4. Jurisdiction and venue are appropriate in this Court as this is a Complaint pursuant to the West Virginia Wage, Payment and Collection Act. Brooks Run is domiciled in the State of Delaware. William Abraham has an unknown address. As such, diversity jurisdiction permits this Complaint to be filed in the United States District Court for the Northern District of West Virginia. Likewise the Class Action Fairness Act invokes jurisdiction of this Court.

## CLASS REPRESENTATION ALLEGATIONS & WVWPCA VIOLATION – COUNT 1 (CLASS ACTION COUNT 1)

5. Plaintiffs hereby adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 4 of Plaintiffs' Class Action Complaint.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs plea that they are one or more members of a class, that the class is so numerous that joinder of all members is impracticable (over 100 employees in working in the State of West Virginia, there are questions of law or fact common to the class (did Plaintiffs get paid withing four business days of the date in which their pay was scheduled), the claims or defenses of the representative parties are typical of the claims or defenses of the class, the representative parties will fairly and adequately protect the interests of the class.

7. Plaintiffs plea that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, and/or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair, and/or impede their ability to protect their interests.

8. Plaintiffs plea that the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, and/or questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this claim on behalf of all persons who: (1) worked Brooks Run Mining in West Virginia from 10 years prior to the date of the filing of this complaint, and/or 5 years from the date of filing of this complaint, and (2) have not been paid timely pursuant to W.Va. Code § 21-5-1 et. seq for time working in a specific pay period that they were not paid within four (4) business days of their regularly scheduled payday on October 9, 2019.  Defendant/s, upon information and belief, wrote and/or issued pay checks to Plaintiffs and other members herein on the date of October 9, 2019, but failed to give the checks to Plaintiffs and other members of this class until on or about October 25, 2019 or at least four (4) business days after the regularly scheduled payday on October 9, 2019.  The class does not intend to provide relief to any person working for Defendant/s in a State other than the State of West Virginia.

10. This Class consists of former and current employees who were not paid timely.

11. Plaintiff alleges, upon information and belief, that the number of class members is so numerous that joinder of all of them is impractical – specifically all employees were supposed to be paid on October 9, 2019, and not paid. Plaintiffs' beliefs are based on the fact that: (1) defendant is an organization with several operations who has employed 100s of employees over the past 10 year period and/or 5 year period, (2) Defendant/s has/have dozens of employees in West Virginia that no longer work for Defendant/s, 3) Defendant/s failed to timely pay employees in violation of the W.Va. Wage Payment and Collection Act (hereinafter sometimes referred to as "WPCA"), for wages earned timely.

12. The members of this Class will be easily ascertained from the records of the Defendant/s when discovery commences herein. It will be easy to determine who worked for Defendant/s that worked in the State of West Virginia.

13. Class Representative's claims raise questions of Law and Fact that are common to claims of each member of the Class.

14. The claims of the Class Representative are typical of the claims of each member of the Class. The Class Representative's claims are based upon violations of the WVWPCA.

15. The common issues involved in this lawsuit predominate over any separate issues that may exist among individual Plaintiffs.

16. The Class Representatives are West Virginia residents who will fairly and adequately protect and represent the interest of each member of the Class.

        Additionally, the Class Representatives are fully cognizant of their responsibilities as Class Representatives, and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

17. The question of Law of Fact common to Class Representatives' claims and the claims of each member of the Class predominate over any question of law or fact affecting only individual members of the Class. Additionally, the amount in controversy for each Class members' claims would make individual lawsuits economically unfeasible, if not impossible. Class Representation is therefore clearly superior to other available methods for the fair and efficient adjudication of this controversy.

18. The West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1, et seq., which applies to all employers regardless of size, requires that payment for an employee's service be made in the form of actual money, or an instrument redeemable for money. It also governs the timing of wage payments to employees. The Act is separate and distinct from those laws dealing with minimum wages and maximum hours. Thus, it does not require any particular amount of wages be paid to employees — it merely governs when those payments must be made.

19. Employers must provide laid off employees their wages in full by the next regularly scheduled payday. W. Va. Code § 21-5-4(d) (in this case, October 9, 2019). Employees who voluntarily terminate their employment must also be paid their final wages by the next regularly

scheduled payday. W. Va. Code § 21-5-4(c).

20. Discharged employees must be paid their wages in full no later than the next regular payday or within four (4) business days from the discharge date, whichever comes first. W. Va. Code § 21-5-4(b). Class representatives were discharged on October 9, 2019, and not paid until on or about October 25, 2019.

21. An employer that fails to timely provide an employee's final check can be held liable for not only the amount of that check, but an additional two (2) times that amount as liquidated damages. W. Va. Code § 21-5-4(e). Moreover, Plaintiffs who prevail in their claims under the Act are entitled to the costs of the action, including reasonable attorney fees. W. Va. Code § 21-5-12(b). Plaintiffs herein, of course, still demand attorney's fees as both versions of the statute allow, and costs.

22. The term "wages" includes fringe benefits capable of calculation, which would include accrued vacation or other types of leave payable to employees at the conclusion of their employment. W. Va. Code § 21-5-1(c).

23. Defendant/s violated the act by failing to pay Plaintiffs for wages they would have been entitled to had Defendant/s not breached its multiple promises to the members of this class and Plaintiffs, individually, in failing to pay timely for work completed in the pay period which was customary to Defendant/s (payday set for October 9, 2019).

24. Plaintiffs allege that Defendant/s is/are responsible for damages in the

        amount of two-fold for every hour worked by every employee who was laid off on or about October 9, 2019.

25.    The West Virginia Wage Payment and Collection Act (WPCA) is remedial legislation designed to protect working people and assist them in the collection of compensation wrongly withheld. *Grim v. Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002). Plaintiffs of this class were employees and provided the benefits of the protections of the WVWPCA.

26.    When concerning time worked, **<u>a Plaintiff may prove the number of hours worked by making a reasonable estimate of those hours</u>**. *McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988)17A (emphasis added), Am. Jur. Pl. & Pr. Forms Master and Servant § 144. Plaintiff need not give exact evidence of the hours he or she worked, but must present sufficient evidence to create a "just and reasonable inference" as to the amount and extent of the work performed beyond what is included in the records

*McLaughlin*, 436 F.Supp.2d at 737-38; *see Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108-09 (4th Cir. 1988). The burden then shifts to the defendant to "negate the inference" established by Plaintiff. *McLaughlin*, 436 F.Supp.2d at 737. "'If the employer fails to produce such evidence, the court may then award damages to the employee, **even though the result may be only approximate**.'" *Id.* at 738 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)), Whittaker v. David's Beautiful People, Inc., No. CV DKC 14-2483, 2016 WL 429963, at 11 (D. Md. Feb. 4, 2016) (emphasis added). Any **estimate or approximation of his allegedly unpaid minimum wages is sufficient to establish a basis for time worked without compensation**. *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473–74 (E.D. Va. 2014) (emphasis added). Here, Plaintiffs can provide an estimate or approximation of weekly hours worked, even though it is defendants duty to produce and account for the hours actually worked, and billed – which should be easily ascertainable (it would have been the amount due to each class member when the mine idled, and/or the date class members were laid off (October 9, 2019), and not paid till on or about October 25, 2019 and/or at least four business days after October 9, 2019. *Williams v. Tri-County Growers, Inc.*, 747 F.2d 121, 26 Wage & Hour Cas. (BNA) 1519, 102 Lab. Cas. (CCH) P 34600, 17 Fed. R. Evid. Serv. 60 (3d Cir. 1984) (An employer, **NOT THE EMPLOYEE**, must know and document the

number of hours, on any given day that an employee actually works) (emphasis added).

27. The WPCA must be construed liberally to entitled injured workers, like Plaintiff, an avenue of recovery based on the estimated hours worked without compensation. The goal behind the laws the Defendant violated is to ensure citizens of the state of West Virginia are timely paid for work completed, not to allow defendants' a loop hole when the Plaintiff can't provide precise hours work over the course of nearly a calendar year. *Grim v. Eastern Electric, LLC*, 767 S.E.2d 267, 234 W.Va. 557 (2014). Statutes, such as the Wage Payment and Collection Act, that are designed for remedial purposes are generally construed liberally to benefit the intended recipients. *Shaffer v. Fort Henry Surgical Associates, Inc.*, 599 S.E.2d 876, 215 W.Va. 453 (2004). The public policy behind the Wage Payment and Collection Act's expansive definition of an "employee" is to require employers to pay the wages of working people who labor on the employer's behalf. *Legg v. Johnson, Simmerman & Broughton, L.C.*, 576 S.E.2d 532, 213 W.Va. 53 (2002).

28. Here, a prima facie case can be made through an employee's testimony giving his or her recollection of hours worked ... [and employees' cases] are not to be dismissed nor should recovery for back pay be denied, because proof of the number of hours worked is inexact or not perfectly accurate. *Donovan,* 549 F.Supp. at 485, *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738, 748 (D. Md. 2003). An employee can make a

prima facie case that he or she in fact performed work for which he or she was improperly compensated through his testimony giving his recollection of hours worked, and his case is not to be dismissed nor should recovery for back pay be denied because proof of the number of hours worked is inexact or not perfectly accurate. *Turner v. Human Genome Sci., Inc.*, 292 F. Supp. 2d 738 (D. Md. 2003). The jury may make a just and reasonable estimate of the damage based on relevant data and render its verdict accordingly. In such circumstances 'juries are allowed to act on probable and inferential as well as (upon) direct and positive proof.' *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 561, 564, 51 S.Ct. 250, 251, 75 L.Ed. 544; *Eastman Kodak Co. v. Southern Photo Material Co.*, 273 U.S. 377,379, 47 S.Ct. 404, 405, 71 L.Ed. 684. Any other rule would enable the wrongdoer to profit by his wrongdoing at the expense of his victim. *Id*. It would be an inducement to make wrongdoing so effective and complete in every case as to preclude any recovery, by rendering the measure of damages uncertain. *Story Parchment Co. v. Paterson Parchment Paper Co*. at 265. Failure to apply it would mean that the more grievous the wrong done, the less likelihood there would be of a recovery. *Id*. Here, this is exactly what the class can allege and prove. Here, it will be ascertainable the amount of pay due to each member on October 9, 2019, that was not paid until on or about October 25, 2019, and/or at least 4 business days after October 9, 2019.

29. The constant tendency of the courts is to find some way in which damages can be awarded where a wrong has been done. *Id*. Difficulty of ascertainment is no longer confused with right of recovery' for a proven invasion of the Plaintiff's rights. *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264–66, 66 S. Ct. 574, 580, 90 L. Ed. 652 (1946) citing *Story Parchment Co. v. Paterson Parchment Paper Co.*, *supra*, 282 U.S. 565, 51 S.Ct. 251, 75 L.Ed. 544; and see *also Palmer v. Connecticut Railway Co.*, 311 U.S. 544, 559, 61 S.Ct. 379, 384, 85 L.Ed. 336.

30. Courts must assume that the employee has proved that he has performed work and has not been paid in accordance with the statute**.** *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680 (1946).  The damage is therefore certain. *Id*.  The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. *Id*. In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.*' Story Parchment Co. v. Paterson Parchment Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (emphasis added). It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. *Eastman Kodak Co. of New York v. Southern Photo Materials Co.*, 273 U.S. 359, 377—379, 47 S.Ct. 400, 404, 405, 71 L.Ed. 684; *Palmer v. Connecticut Railway & Lighting Co.*, 311 U.S. 544, 560, 561, 61 S.Ct. 379, 384, 385, 85 L.Ed. 336*;*

> *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 263—266, 66 S.Ct. 574, 579, 580.

31. WHEREFORE THIS CLASS, is entitled to damages for violations of the WVWPCA as set for above, damages set forth in the WVWCPA including attorney's fees and costs.

## DAMAGES

32. Plaintiffs adopt verbatim as if set forth herein each of the allegations and averments set forth in Paragraphs 1 through 31 of Plaintiff's/s' Class Action Complaint.

33. Defendant's/s' actions were willful, wanton, and malicious and violated the WV-WPCA entitling Plaintiffs to **1)** attorneys' fees and **2)** cost.

34. Defendant's/s' actions were willful, wanton and/or grossly negligent, and, as such, Plaintiffs are entitled to **3)** two-fold the amount due on October 9, 2019.

35. And all other damages which are **4)** just and foreseeable herein and/or allowed by **5)** common law or **6)** statute, or **7)** deemed proper by this Honorable Court;

36. And all damages set forth in the **8)** WVWPCA for class members.

## JURY TRIAL DEMANDED

Plaintiff/s demand/s a jury trial on all issues set forth in complaint.

**ROBERT MCCLUNG, ROCKY MOORE,
JAMES RAY, STEVE WILLIAMS, on behalf
Of themselves and all others
similarly situated,**

By Counsel.

_____
D. Adrian Hoosier, II
West Virginia State Bar Identification:  # 10013
HOOSIER LAW FIRM, PLLC
213 Hale Street, Suite 100
Charleston, West Virginia  25301
T:  (681) 215-0642
F:  (681) 245-6192
Mobile:  (304) 767-9482
adrian@hlfwv.com
Paralegal:  debra@hlfwv.com