```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ROBERT MCCLUNG, ROCKY MOORE,**
**JAMES RAY, and STEVE WILLIAMS,**
on behalf of themselves and all
others similarly situated,

       **Plaintiffs,**

  v.                                                   CIVIL NO. 1:22-CV-37
                                                                   (KLEEH)

**BROOKS RUN MINING COMPANY, LLC and**
**WILLIAM ABRAHAM,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

     Upon review of the record before it, the Court determines that it lacks subject matter jurisdiction and dismisses the action without prejudice.

                        **I.   PROCEDURAL HISTORY**

     On April 28, 2022, Plaintiffs Robert McClung, Rocky Moore, James Ray, and Steve Williams ("Plaintiffs") filed a Class Action Complaint in this matter against Defendants Brooks Run Mining Company, LLC ("Brooks Run") and William Abraham ("Abraham") (together, "Defendants") [ECF No. 1]. Generally, Plaintiffs, who are former employees of Brooks Run, assert that they were not timely paid. They bring one cause of action entitled "Class

**MCCLUNG ET AL. V. BROOKS RUN ET AL.**                             **1:22-CV-37**

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Representation Allegations & WVWPCA[1] Violation." On July 15, 2022, Plaintiffs filed a motion for default judgment against Brooks Run, asserting that Brooks Run had been served process and failed to timely answer or otherwise respond to the Class Action Complaint [ECF No. 4]. On August 23, 2022, Plaintiffs filed a motion to extend the time frame for service upon Abraham, stating that they had mistakenly thought that a summons had been filed [ECF No. 6]. On August 31, 2022, Defendants filed their Answer and Affirmative Defenses [ECF No. 8].

On September 12, 2022, Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment, asserting that the Court lacks subject matter jurisdiction over the case [ECF No. 10]. On September 29, 2022, given that Abraham had not been served and Plaintiffs believed that default judgment against Brooks Run was warranted, Plaintiffs filed a motion to strike the motion to dismiss and the Answer with respect to Brooks Run only [ECF No. 11]. On October 3, 2022, Plaintiffs filed a response to the motion to dismiss [ECF No. 12], and on October 5, 2022, Defendants filed a reply [ECF No. 13].

## II.  GOVERNING LAW

As the parties are well aware, diversity jurisdiction exists

---

[1] West Virginia Wage Payment and Collection Act.

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION
FOR LACK OF SUBJECT MATTER JURISDICTION**

"where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, all plaintiffs must be diverse from all defendants.

In addition, pursuant to the Class Action Fairness Act,

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) **any member of a class of plaintiffs is a citizen of a State different from any defendant;**
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

Id. § 1332(d)(2) (emphasis added).

### III. ANALYSIS

In the Class Action Complaint, Plaintiffs assert that "[a]ll named Plaintiffs are residents of the State of West Virginia." Compl., ECF No. 1, at ¶ 2. They also assert that Abraham has an "unknown address" and that Brooks Run is domiciled in Delaware. Id. ¶ 4. In the Answer, Abraham asserts that he is a lifelong

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

resident of West Virginia.[2]  Answer, ECF No. 8, at 1.  Both the Complaint and the Answer assert that Abraham is the sole member of Brooks Run, an LLC.  Id. ¶ 3; Compl., ECF No. 1, at ¶ 3.  As such, Brooks Run is a citizen of West Virginia.  See Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (stating that "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members").  Because all Plaintiffs and all Defendants are citizens of West Virginia, neither diversity jurisdiction nor jurisdiction under the Class Action Fairness Act exists.  There is no federal question presented.  The Court lacks subject matter jurisdiction over this action.

## IV.  CONCLUSION

For the reasons discussed above, the Court lacks subject matter jurisdiction.  This case is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.  All pending motions shall be **TERMINATED.**

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record.

---

[2] Plaintiffs have not moved to strike Defendants' Answer as it pertains to Abraham.

**MCCLUNG ET AL. V. BROOKS RUN ET AL.**                               1:22-CV-37

**MEMORANDUM OPINION AND ORDER DISMISSING ACTION
FOR LACK OF SUBJECT MATTER JURISDICTION**

DATED: March 31, 2023

*Tom S Kleeh*
_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA